**PUNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DARRELL L. WELLS,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
CH-0752-15-0478-I-1

DATE: February 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James W. Malone</u>, Bedford Park, Illinois, for the appellant.

<u>Alison D. Alvarez</u>, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his suspension for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency issued the appellant notice on April 30, 2015, that it was suspending him from his position as a maintenance mechanic based on his altercation with a coworker. Initial Appeal File (IAF), Tab 5 at 95. The agency placed the appellant on administrative leave for the remainder of the day after it issued him notice of his suspension, and it granted his request to use annual leave on the following day, May 1, 2015. *Id*. at 79, 93. The agency thereafter placed the appellant in a nonduty status between May 2 and May 15, 2015, and returned him to a paid status on May 16, 2015. *Id*. at 80-82.

¶3 The appellant filed an initial appeal of his suspension in which he alleged that he had been suspended without pay for more than 14 days. IAF, Tab 1. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant had not been subjected to an adverse action appealable to the Board. IAF, Tab 5. The administrative judge subsequently dismissed the appeal for lack of jurisdiction, finding that the appellant had not been suspended for more than 14 days. IAF, Tab 10, Initial Decision (ID). In her initial decision, the administrative judge found that the agency had only placed the appellant in a nonpay status for 14 days between May 2 and May 15, 2015, and that it had granted the appellant's request to use annual leave on May 1, 2015. ID at 4-5.

The administrative judge rejected the appellant's argument that the agency erroneously granted this leave request because it post-dated the agency's decision to suspend him, and she declined to include this day as part of the appellant's suspension for purposes of determining whether the Board has jurisdiction over this appeal.  ID at 4.

¶4 The appellant has filed a petition for review arguing that the agency improperly granted his request to use annual leave on May 1, 2015, and that the agency subsequently could issue a demand letter seeking to rescind his use of annual leave on this date, thus subjecting him to a 15-day suspension.  Petition for Review (PFR) File, Tab 1 at 2.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

¶5 An employee may appeal a suspension that is greater than 14 days to the Board under chapter 75.  *See* 5 U.S.C. § 7512(2); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014).  A suspension is defined as the temporary placement of an employee in a nonpay, nonduty status.  *Abbott*, 121 M.S.P.R. 294, ¶ 6 (citing 5 U.S.C. § 7501(2)).  An employee's involuntary absence for more than 14 days that results in the loss of pay or forces him to take leave that he did not intend to take is a suspension within the Board's jurisdiction under 5 U.S.C. §§ 7512(2) and 7513(d).  *See Crutch v. U.S. Postal Service*, 119 M.S.P.R. 460, ¶ 6 (2013), *overruled on other grounds by Abbott*, 121 M.S.P.R. 294, ¶ 10.[2]  The Board has long held, however, that suspensions lasting exactly 14 days, as well as those lasting less than 14 days, are not appealable to the Board.  *See Harrison v. U.S. Postal Service*, 26 M.S.P.R. 37, 38-39 (1985).

---

[2] In *Abbott*, the Board clarified that an agency's placement of an employee on enforced leave for more than 14 days must be assessed under the framework applied to other adverse actions under chapter 75, and not under the Board's case law concerning the Board's jurisdiction over a constructive adverse action.  *See* 121 M.S.P.R. 294, ¶ 10.

¶6        We agree with the administrative judge that the appellant was suspended for exactly 14 days and that this suspension is not appealable to the Board under chapter 75.  The record reflects that the appellant was in a nonduty, nonpay status for 14 days between May 2 and May 15, 2015.  IAF, Tab 5 at 80-83.  While the agency originally informed the appellant that it was imposing his suspension at the end of his tour of duty effective April 30, 2015, *id.* at 95, the record demonstrates that the agency granted his request to use annual leave the following day and placed him in a paid annual leave status on May 1, 2015, *id.* at 79, 93.  Although the Board has held that a suspension covers both unpaid absences and an employee's placement on sick or annual leave against his will, *see Abbott*, 121 M.S.P.R. 294, ¶ 6, here, there is no dispute that the appellant initiated the annual leave request for May 1, 2015, and that the agency placed him in a paid leave status on this date pursuant to his request.[3]  For purposes of establishing the Board's jurisdiction, the only question is whether the employee's placement in a leave status was voluntary or involuntary, and only the latter is appealable.  *Id.*  We therefore agree with the administrative judge that the appellant was placed in a nonduty, nonpay status for 14 days and that his placement in a paid annual leave status on May 1, 2015, should not be counted toward his suspension for purposes of establishing Board's jurisdiction over this appeal.

¶7        On review, the appellant renews his argument that the agency could subsequently seek to rescind his placement on paid leave for May 1, 2015, because he should not have been granted leave following his suspension from duty.  PFR File, Tab 1 at 2.  We agree with the administrative judge, however, that the Board's jurisdiction is determined by the nature of the agency's action at

---

[3] The appellant has not argued that his May 1, 2015 annual leave request was initiated by the agency because it was based on agency misinformation.  *See, e.g.*, *Boudousquie v. Department of the Air Force*, 102 M.S.P.R. 397, ¶ 6 (2006) (explaining that the appellant's request for leave without pay could be involuntary if it is based on agency misinformation).

the time the appellant files his appeal. *See Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 10 (2010); ID at 4. When the appellant filed his appeal, he had only been suspended for 14 days. Because the appellant's approved leave status remained unchanged when he filed the instant appeal,[4] he has failed to nonfrivolously allege that he was subjected to a suspension of more than 14 days. *Cf. McHenry v. U.S. Postal Service*, 121 M.S.P.R. 80, ¶¶ 7-8 (2014) (finding that the agency suspended the appellant when it retroactively changed his approved sick leave to leave without pay prior to his filing a Board appeal); *Edwards v. U.S. Postal Service*, 112 M.S.P.R. 196, ¶¶ 9-10 (2009) (determining that a retroactive amendment to the appellant's time and attendance records caused him to be suspended without pay for more than 14 days and that the Board had jurisdiction over the appeal).

¶8      Based on the foregoing, we agree with the administrative judge that the appellant was suspended for 14 days and that the Board lacks jurisdiction over this appeal. The administrative judge's jurisdictional dismissal is accordingly affirmed, and the appellant's petition for review is denied.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

---

[4] The appellant has submitted no evidence or argument that the agency has sought to either retroactively amend his time and attendance records or rescind his approved leave status for May 1, 2015.

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.